## COMMONWEALTH *v.* JAS L. BLAND.

**Indictment and Information—Requisites and Sufficiency of Accusation:**
 **First, An indictment is sufficient if it can be understood therefrom:**
 That it was found by a grand jury of a county or city impaneled in a court having authority to receive it.
  Second, That the offense was committed within the jurisdiction of the court and at some time prior to the finding of the indictment.
  Third, That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction.

### APPEAL FROM MASON CIRCUIT COURT.

June 4, 1872.

OPINION BY JUDGE LINDSAY:

An indictment is sufficient if it can be understood therefrom:

1st. That it was found by a grand jury of a county or city impaneled in a court having authority to receive it. * * *

2d. That the offense was committed within the jurisdiction of the court and at some time prior to the finding of the indictment.

3d. That the act or omission charged as the offense is stated with such a degree of certainty, as to enable the Court to pronounce judgment on conviction, according to the right of the case, Section 128, Criminal Code. Testing the indictment in this case by the rule thus prescribed by the Legislature it seems to us that it is sufficient.

It is direct and certain as to the offense charged. No one can mistake the statute under which it was found.

The charge that the defendant had been guilty of "carrying concealed a deadly weapon" was sufficient to apprise him o fthe nature of the accusation upon which he was to be tried, and a trial under the indictment would constitute a bar to any subsequent proceeding for the same offense. No greater degree of certainty than this is or ought to be required. *Commonwealth v. Perrigo,* 3d Metcalfe 5.

The defendant can not be convicted unless the offense is proved as charged, i. e., that he carried the deadly weapon concealed upon or about his person. The defect complained of, if it be one, does not tend to prejudice the substantial rights of the defendant. Sec. 129, Criminal Code.

The demurrer should have been overruled. Judgment reversed and cause remanded for further proper proceedings.

*Attorney General, for appellant.*

*Phister, for appellee.*